IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| VICTOR CORNELL HUNTER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-232-O |
| | § | |
| LORIE DAVIS, Director,[1] | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254

filed by petitioner, Victor Cornell Hunter, a state prisoner confined in the Correctional

Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis,

director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner,

the Court has concluded that the petition should be dismissed as time-barred.

## I. BACKGROUND

In August 2008 Petitioner was indicted in Tarrant County, Texas, Case No. 1114993D,

on two counts of indecency with M.G., a child younger than 17 years of age, by touching her

breast with the intent to arouse or gratify his sexual desire. Adm. R., Clerks' R. 2, ECF No. 10-

11. On July 1, 2009, a jury found Petitioner guilty of count one, Petitioner pleaded true to the

habitual-offender notice in the indictment, and the trial court assessed his punishment at 50

years' confinement. *Id.* at 70. Petitioner appealed his conviction, but the Second District Court of

---

[1]Effective May 4, 2016, Lorie Davis replaced William Stephens as director of the Correctional Institutions
Division of the Texas Department of Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is
automatically substituted as the party of record.

Appeals of Texas affirmed the trial's court judgment, and, on November 24, 2010, the Texas Court of Criminal Appeals refused his petition for discretionary review. *Id.,* Mem. Op. & Docket Sheet, ECF Nos. 10-3 & 10-2, respectively. Petitioner did not seek writ of certiorari. Pet. 3, ECF No. 1. Petitioner also filed two relevant state habeas-corpus applications challenging his conviction. The first, filed on May 27, 2011,[2] was denied by the Texas Court of Criminal Appeals on June 6, 2012, without written order on the findings of the trial court. Adm. R., SH10 cover, 12, ECF No. 10-24. The second, filed on September 28, 2015, was dismissed by the Texas Court of Criminal Appeals on November 18, 2015, as a subsequent application pursuant to article 11.07, § 4(a)-(c) of the Texas Code of Criminal Procedure. *Id.*, SH12 & Action Taken, ECF Nos. 10-26 & 10-25, respectively. Petitioner's federal petition raising five grounds for relief was filed on March 24, 2016.[3] Pet. 10, ECF No. 1.[4] Respondent asserts that the petition is time-barred in its entirety under the federal statute of limitations and, alternately, that three of petitioner's grounds are unexhausted and procedurally barred from federal habeas review. Resp't's Answer 1, 5, ECF No. 8.

## II. DISCUSSION

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

---

[2]A habeas petitioner's pro se state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's state applications do not reflect the date he placed the documents in the prison mailing system, however they do contain an "Inmate's Declaration" reflecting the dates they were signed by Petitioner. For purposes of this opinion, his state applications are deemed filed on those dates.

[3]Likewise, a prisoner's pro se federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

[4]Petitioner filed an amended petition on August 29, 2016, ostensibly to "clarify" the issues raised in his original petition. Am. Pet. 2, ECF No. 12.

(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The
limitations period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Because Petitioner's claims involve matters related to the 2009 trial proceedings, subsection (A) applies to this case. Under that provision, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review or, as in this case, the expiration of the time for seeking further direct review. For purposes of this provision, the judgment became final upon expiration of the time that Petitioner had for filing a petition for writ of certiorari in the United States Supreme Court on February 22, 2011, triggering the one-year limitations period, which expired one year later on

February 22, 2012. *Id.* § 2244(d)(1)(A); *Gonzalez v. Thaler*, 623 F.3d 222, 224 (5th Cir. 2010), *aff'd*, 132 S. Ct. 641 (2011); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); Sᴜᴘ. Cᴛ. R. 13.1. Thus, Petitioner's federal petition was due on or before February 22, 2012, absent any applicable tolling.

Petitioner's first state habeas application, pending from March 27, 2011, through June 6, 2012, operated to toll the limitations period 377 days under § 2244(d)(2), making Petitioner's federal petition due on or before March 5, 2013. However, Petitioner's second state habeas application, filed over two-and-a-half years after limitations had expired, did not operate to further toll the limitations period under the statutory provision. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Therefore, Petitioner's petition is untimely unless he can demonstrate that he is entitled to tolling as a matter of equity.

For equitable tolling to apply, a petitioner must show "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way" and prevented him from filing a timely petition or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)). Ignorance of the law and pro se status are common problems for inmates seeking postconviction habeas relief and do not constitute extraordinary circumstances warranting equitable tolling. *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000); *Turner v. Johnson,* 177 F.3d 390, 391-92 (5th Cir. 1999); *Akins v. United States,* 204 F.3d 1086, 1089-90 (11th Cir. 2000). Petitioner does not demonstrate that exceptional circumstances prevented him from filing a timely petition.

Nor does Petitioner make a colorable showing that he is actually innocent of the offense for which he was convicted in light of "new evidence." A habeas petitioner attempting to overcome the expiration of the statute of limitations by showing actual innocence is required to produce "new reliable evidence [that was not presented at trial]–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"–sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin,* 133 S. Ct. at 1928 (quoting *Schup v. Delo,* 513 U.S. 298, 329 (1995)). Petitioner asserts that he is actually innocent because the state failed to meet its burden of proof to show, beyond a reasonable doubt, that he touched the breast of the victim in July 2007, as alleged in the indictment, given the victim's alleged "self-contradiction–*i.e.,* contradictory and unreliable testimony. Pet'r's Rebuttal 3, ECF No. 11. However, the victim's testimony is not "new evidence" that was not presented at trial. Furthermore, it was the jury's role to evaluate the demeanor of the witnesses, determine their veracity, resolve conflicts in the testimony, and decide how much weight should be given their testimony. *See United States v. Millsaps,* 157 F.3d 989, 994 (5th Cir. 1998). This Court cannot usurp the role of the jury to make credibility determinations or weigh contradictory evidence. Petitioner is not entitled to equitable tolling of the limitations period.

Therefore, Petitioner's federal petition was due on or before March 5, 2013. His petition filed on March 24, 2016, is therefore untimely.

## III. CONCLUSION

For the reasons discussed, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED as time-barred. Further, Petitioner has not made a substantial showing of

the denial of a constitutional right or that reasonable jurists would question this Court's procedural ruling. Therefore, a certificate of appealability is also DENIED.

**SO ORDERED** on this 19th day of June, 2017.


Reed O'Connor
**UNITED STATES DISTRICT JUDGE**